Per Curiam:
*573 In this case, eleven American families sued the defendants, the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA"), under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), for various terror attacks in Israel that killed or wounded the plaintiffs or their family members. After a seven-week trial, the jury awarded the plaintiffs damages which, after trebling, amounted to $ 655.5 million. On appeal, this Court held that the federal courts lacked personal jurisdiction over the defendants with respect to the plaintiffs' claims. This Court vacated the judgment of the district court and remanded the case with instructions to dismiss the action. The mandate issued on November 28, 2016, and the Supreme Court denied the plaintiffs' petition for a writ of certiorari on April 2, 2018. The plaintiffs have now moved to recall the mandate based on the recently enacted Anti-Terrorism Clarification Act ("ATCA").
The ATCA became law on October 3, 2018. Pub. L. No. 115-253, 132 Stat. 3183 (2018). Section 4 of the ATCA, which added a subsection (e) to 18 U.S.C. § 2334, specifies activities by which certain parties shall be deemed to have consented to personal jurisdiction. The provision states that "regardless of the date of the occurrence of the act of international terrorism upon which [a] civil action [brought under 18 U.S.C. § 2333 ] was filed," a defendant shall be deemed to have consented to personal jurisdiction in such action if the defendant either (a) accepts any of three specified forms of assistance after the date that is 120 days after Section 4 of the ATCA was enacted or (b) is "benefiting from a waiver or suspension of section 1003 of the [ATA]" and, after the date that is 120 days after Section 4 of the ATCA was enacted, establishes or continues to maintain "any office, headquarters, premises, or other facilities or establishments within the jurisdiction of the United States."[1] 18 U.S.C. § 2334(e)(1).
*574 On October 8, 2018, the plaintiffs filed the present motion to recall the mandate issued in this case. They argue that Section 4 of the ATCA provides the federal courts with jurisdiction over the defendants with respect to the plaintiffs' claims. The defendants counter that the plaintiffs have failed to show circumstances that warrant the extraordinary remedy of recalling the mandate and that, in any event, Section 4 of the ATCA does not apply retroactively to closed cases.
I.
The federal courts of appeals "possess an inherent power to recall [a] mandate, subject to review for abuse of discretion." Taylor v. United States, 822 F.3d 84, 90 (2d Cir. 2016) (quotation marks omitted, alteration in original). Recalling a mandate is an extraordinary remedy to be used "sparing[ly]." Calderon v. Thompson, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) ; Taylor, 822 F.3d at 90. Courts are reluctant to recall a mandate because of "the need to preserve finality in judicial proceedings." Sargent v. Columbia Forest Prod., Inc., 75 F.3d 86, 89 (2d Cir. 1996). Although the passage of a new law might warrant recalling a mandate in some circumstances, this is not such a case.
II.
A.
The plaintiffs have not shown that either factual predicate of Section 4 of the ATCA has been satisfied. As to the first factual predicate, acceptance of a qualifying form of United States assistance, the plaintiffs state only that the defendants have accepted qualifying assistance in the past; they do not contend that the defendants currently do so. Meanwhile, in Klieman v. Palestinian Authority, which was decided on May 14, 2019, the Court of Appeals for the District of Columbia Circuit accepted the representation the Department of Justice made in an amicus curiae brief that neither the PLO nor the PA accept United States assistance. 923 F.3d 1115, 1128-29 (D.C. Cir. 2019). The papers the plaintiffs filed in connection with this motion do not provide any reason to doubt the Department of Justice's representation or the Klieman court's adoption of that representation.
The plaintiffs also fail to show that, in accordance with Section 4's second factual predicate, the defendants benefit from a waiver or suspension of Section 1003 of the ATA and have established or continued to maintain an office or other facility "within the jurisdiction of the United States." Both conditions are necessary under Section 4's second factual predicate. Klieman, 923 F.3d at 1129.
As to the first condition, the plaintiffs have not established that the defendants benefit from an express waiver or suspension under Section 1003 of the ATA. The plaintiffs contend that an express waiver is not required by Section 4 of the ATCA, and that the President impliedly suspended Section 1003 of the ATA with respect to the defendants by permitting the defendants to engage in conduct allowed only if Section 1003 were suspended. But the Klieman court persuasively rejected a similar argument, reasoning that allowing implied waivers to qualify under Section 4 of the ATCA would "neglect the actual language of the legal authorization to issue waivers under [ATA] § 1003, ... which creates legal consequences when the President *575 'certifies in writing' that a waiver is to be issued." 923 F.3d at 1131. The plaintiffs in this case have not put forth anything that could qualify as, or substitute for, an express waiver or suspension under Section 1003 of the ATA.
Moreover, the plaintiffs in this case have not shown that the defendants have established or continued to maintain an office or other facility within the jurisdiction of the United States. Although the PLO maintains its United Nations Observer Mission in New York, the prohibitions of Section 1003 of the ATA do not apply to that office. Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro, 937 F.2d 44, 46 (2d Cir. 1991) ; see United States v. Palestine Liberation Org., 695 F.Supp. 1456, 1465 (S.D.N.Y. 1988) (finding the ATA inapplicable to the PLO Observer Mission). The Observer Mission is not considered to be within the jurisdiction of the United States. See Klinghoffer, 937 F.2d at 51 ("[T]he PLO's participation in the UN is dependent on the legal fiction that the UN Headquarters is not really United States territory at all, but is rather neutral ground over which the United States has ceded control.").
The plaintiffs point out that, according to Klinghoffer, "activities not conducted in furtherance of the PLO's observer status may properly be considered as a basis of jurisdiction." Id. at 51. But this statement was made in reference to determining whether such activities conferred personal jurisdiction over the PLO under § 301 of the New York Civil Practice Laws and Rules. Nothing in Klinghoffer suggests that the PLO's engaging in activities unrelated to its observer status transforms the PLO's Observer Mission into an office or other facility for the PLO "within the jurisdiction of the United States."
In sum, the plaintiffs have provided no basis to conclude that a factual predicate of Section 4 of the ATCA has been met in this case.
B.
This Court's interest in finality also weighs against recalling the mandate. When its factual predicates are met, Section 4 provides jurisdiction over a defendant "regardless of the date of the occurrence of the act of international terrorism upon which [the relevant] civil action was filed," 18 U.S.C. § 2334(e)(1), providing that the defendant subsequently commits certain acts. But irrespective of whether this language suggests that Section 4 applies retroactively to pending cases, such as the appeal in Klieman, it does not suggest that courts should reopen cases that are no longer pending. Legislation applies prospectively unless Congress explicitly provides for retroactive application. Vartelas v. Holder, 566 U.S. 257, 265-66, 132 S.Ct. 1479, 182 L.Ed.2d 473 (2012) ; see Landgraf v. USI Film Prods., 511 U.S. 244, 272-73, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). And it is well-established that retroactive laws generally do not affect valid, final judgments. See Bank Markazi v. Peterson, --- U.S. ----, 136 S.Ct. 1310, 1323, 194 L.Ed.2d 463 (2016) ("Congress ... may not 'retroactively comman[d] the federal courts to reopen final judgments.' " (quoting Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 219, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (alteration in original))). The mandate in this case was issued two and a half years ago, and the Supreme Court denied the plaintiffs' petition for a writ of certiorari more than six months before the plaintiffs filed their motion to recall the mandate. The ATCA does not provide explicitly or implicitly that closed cases can be reopened. Recalling the mandate now would offend "the need to preserve finality in judicial proceedings."
*576 Taylor, 822 F.3d at 90 (quotation marks omitted).[2]
CONCLUSION
This case does not warrant invoking the extraordinary remedy of recalling a mandate issued two and a half years ago. The Court has considered all the arguments of the parties. To the extent not specifically addressed, they are either moot or without merit. For the reasons explained above, the plaintiffs' motion to recall the mandate is DENIED .

Section 1003 of the ATA provides that:
It shall be unlawful, if the purpose be to further the interests of the Palestine Liberation Organization or any of its constituent groups, any successor to any of those, or any agents thereof ...
(1) to receive anything of value except informational material from the PLO or any of its constituent groups, any successor thereto, or any agents thereof;
(2) to expend funds from the PLO or any of its constituent groups, any successor thereto, or any agents thereof; or
(3) notwithstanding any provision of law to the contrary, to establish or maintain an office, headquarters, premises, or other facilities or establishments within the jurisdiction of the United States at the behest or direction of, or with funds provided by the Palestine Liberation Organization or any of its constituent groups, any successor to any of those, or any agents thereof.
22 U.S.C. § 5202. The President of the United States may waive this provision
if the President determines and certifies in writing to the Speaker of the House of Representatives, the President pro tempore of the Senate, and the appropriate congressional committees that the Palestinians have not, after the date of enactment of this Act [either (1) taken certain steps at the U.N. or (2) taken certain actions vis-à-vis the International Criminal Court].
Klieman v. Palestinian Auth., 923 F.3d 1115, 1130-31 (D.C. Cir. 2019) (alteration and emphasis in Klieman ) (quoting Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, 129 Stat. 2242, 2780 (2015)).

The plaintiffs in this case have filed a new complaint in the Southern District of New York. Sokolow v. Palestine Liberation Organization, No. 18cv12213 (S.D.N.Y.). To the extent that there are any developments in the activities of the PA or the PLO that may subject them to personal jurisdiction under the ATCA, they can be raised in that case.